Filed 11/24/14  P. v. Ford CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B251244 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA080614) |
| v. | |
| MICHELLE FORD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Elden S. Fox, Judge.  Affirmed.

Sarah A. Stockwell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, James William Bilderback II, Supervising Deputy Attorney General, and Steven E. Mercer, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant Michelle Ford appeals from the judgment entered following a jury trial in which she was convicted of felony theft from an elder or dependent adult by a caretaker.  (Pen. Code, § 368, subd. (e)(1).)[1]

Defendant contends the trial court imposed an unauthorized $240 restitution fine and matching probation revocation fine because the minimum fine amount at the time defendant committed her crime was $200.  We conclude the claim, which defendant previously raised in the trial court, has no merit.

## BACKGROUND

From 2008 through 2011, defendant served as the caretaker for a woman in her eighties who had suffered a stroke and cognitive impairment.  Defendant used the woman's credit cards to pay for her own purchases, obtained money from her, and persuaded her to buy a car for defendant.[2]

The jury convicted defendant of felony theft from an elder or dependent adult by a caretaker.  The court suspended imposition of sentence and granted defendant probation on various terms, including payment of $24,421.38 in victim restitution and a section 1202.4, subdivision (b) restitution fine of $240.  With respect to the restitution fine, the court stated, "There will be a mandated restitution fine based on the date of the offense of $240."  Pursuant to section 1202.44, subdivision (a), the court imposed a matching probation revocation fine of $240 that would become effective only upon revocation of probation.

While the case was pending on appeal, defendant filed a motion in the trial court asking that court to correct the sentence by increasing defendant's presentence credits and reducing the restitution and probation revocation fines to $200.  Defendant argued, as she does in this appeal, that because the minimum amount for these fines was $200 during the

---

[1] Undesignated statutory references are to the Penal Code.

[2] Because defendant's sole appellate claim pertains to the amount of her restitution and parole revocation fines, we set forth only a cursory summary of the offense.

years of 2008 through 2011, when she committed her offense, the court's imposition of $240 fines violated the ex post facto clauses of the state and federal Constitutions. The trial court granted defendant's motion to increase her presentence credits, but denied her request to reduce the fines.

## DISCUSSION

Defendant contends the trial court's imposition of $240 restitution and probation revocation fines violated the ex post facto clauses of the state and federal Constitutions because at the time she committed the offense of which she was convicted the minimum statutory amount for such fines was $200.

Section 1202.4, subdivision (b), provides, in pertinent part: "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record." "The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense," but cannot be less than the minimum amount set forth in the statute or more than $10,000. (§ 1202.4, subd. (b)(1).) During the years 2008 through 2011, the statutory minimum was $200. The minimum was raised to $240 at the start of 2012 and to $280 at the start of 2013. (*Ibid.*)

Where the sentence imposed includes a period of probation and the court imposes a restitution fine under Penal Code section 1202.4, subdivision (b), it must also impose a probation revocation restitution fine in an equal amount. (§ 1202.44.) The latter fine becomes effective only if the defendant's probation is revoked.

The $240 restitution and probation revocation fines imposed on defendant would have been well within the discretionary range of $200 to $10,000 for the years 2008 through 2011, and thus is neither unauthorized nor an abuse of discretion.

Citing the court's statement at the probation and sentencing hearing regarding "a mandated restitution fine based on the date of the offense of $240," defendant argues the trial court intended to impose the minimum fine, but simply used the wrong amount, which resulted in an ex post facto violation. However, defendant presented the same

3

claim to the trial court, which rejected it and declined to reduce the restitution and probation revocation fines to $200, thereby indicating it did not intend to impose the statutory minimum fine, notwithstanding its reference to "the date of the offense."

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

MILLER, J.*

We concur:


ROTHSCHILD, P. J.


CHANEY, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.